UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KAMAL ROY,

                        Plaintiff,

-against-

THE STATE OF NEW YORK,

                        Defendant.
---------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
07-CV-0340 (DLI)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 20 2007 ★

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Kamal Roy, proceeding *pro se*, filed this action on January 8, 2007. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons set forth below, the action is dismissed.

Plaintiff's submission consists of numerous, unnumbered, and nearly incomprehensible pages containing type-written statements, with hand-written notations in the margins. Although the document does not include a caption, Plaintiff identifies himself variously as Kamal Roy or Joseph Geronimo, Jr., and makes several references, liberally distributed throughout the document, to "some defendants": named and unnamed New York State and federal officials. Although it is difficult to ascertain or summarize even the type-written comments, the Court can make out repeated references to "Jungle Democracy," the International Court of Justice, the wars in Afghanistan and Iraq, and various religious faiths. At one point, on the tenth unnumbered page, Plaintiff requests "Compensatory and Punitive Damage claimed U S $ One Million minimum upto Ten Billion U S $." Finally, Plaintiff attaches two letters from treating physicians detailing Plaintiff's physical ailments, and two pages that appear to be tax documents related to an entity named "Handicap Interests International." Beyond this, the Court can discern no cause of action, nor any factual allegations that might serve as the basis for a cause of action in federal court.

Rule 8 of the Federal Rules of Civil Procedure provides that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to give a defendant fair notice of the claim or claims asserted so as to enable him or her to answer and prepare for trial. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." *Id.* (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Plaintiff's submission fails to conform to Rule 8.

Moreover, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As should be readily apparent from a casual reading of the complaint, the claims in this case "rise to the level of the irrational or the wholly incredible." *Id.* This Court, cognizant that *pro se* complaints must be read liberally, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives

2

any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)), has considered affording plaintiff an opportunity to amend the complaint, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). However, because the deficiencies in the complaint are not such that could be cured by amendment, this Court concludes that it would be futile to grant leave to amend the complaint. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

S/Dora L. Irizarry, USDJ
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
February 15, 2007